UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN FRIEDOPFER, GAIL GUMBINER, JOE JANAS, SCOTT WOLF, and STONE LION MANAGEMENT, INC., Individually and On Behalf of All Investors and Shareholders of CENTRAL SLEEP DIAGNOSTICS, LLC, Plaintiffs, v. KEN DACHMAN, CENTRAL SLEEP DIAGNOSTICS, LLC, LYNN DACHMAN, JILLIAN DACHMAN, DAVID DACHMAN, GARY PARISI, and GINA PARISI, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 10-6162 |

## Notice of Removal of a Civil Action

Defendants Ken Dachman, Central Sleep Diagnostics, LLC, Lynn Dachman, Jillian Dachman, David Dachman, Gary Parisi, and Gina Parisi submit the following Notice of Removal of a Civil Action to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1441 (b).

1. Plaintiffs filed their Verified Complaint containing, *inter alia*, several counts for which Federal District Courts have original jurisdiction, on August 31, 2010.

2. Only Defendants Ken Dachman and CSD were named as defendants in the Verified Complaint, although the other defendants, all close relatives of Ken Dachman, were named as "relief defendants."

3. Ken Dachman and CSD were not served with process. On or about September 2, 2010, Defendants Ken Dachman and CSD, and the relief defendants, all close relatives of Ken Dachman, agreed to waive service of process.

4. Before Defendants were able to filed a Notice of Removal, Plaintiffs filed their First Amended Verified Complaint ("Complaint") on September 10, 2010. The Complaint is attached as Exhibit A to this Notice.

5. The Complaint alleges 16 Counts, 12 of which invoke Illinois State law.

6. The remaining 4 counts arise under Federal law:

   a. Violations of Section 17 (a)(1) of the Securities Act [15 U.S.C. §77q(a)(1)](Count VI);

   b. Violations of Section 17 (a)(2) AND 17(a)(3) of the Securities Act [15 U.S.C. §77q(a)(2 and ) **[sic]** 77q(a)(3)](Count VII);

   c. Violations of Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 Thereunder [17 C.F.R. §240.10b-5]( Count VII); and

   d. RICO (Count IX).

7. A civil action filed in a state court may be removed to the federal court if the action could have been brought in federal court originally because the claim or right involved "arises under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). All four Federal Counts warrant removal.

8. Counts VI and VII arise under the Securities Act, 15 U.S.C. §77a et seq. §77v(a) of the Securities Act provides for original jurisdiction for Federal Courts:

> The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title [15 USCS §§ 77a et seq.] and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 U.S.C. §§ 77a et seq.].

15 U.S.C. § 77v.

9. Similarly, Count VIII, which arises under the Exchange Act falls within the jurisdiction of the Federal District Courts. § 78aa of the Exchange Act (15 U.S.C. §78aa) provides that:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this title [15 USCS §§ 78a et seq.] or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title [15 USCS §§ 78a et seq.] or the rules and regulations thereunder.

15 U.S.C. § 78aa.

10. The RICO claim, Count IX, also presents a Federal question. § 1964 of the RICO Act provides that: "The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter [18 U.S.C. § 1962]."

3

11. Because Counts VI-IX all arise under the laws of the United States, they fall within the district court's original jurisdiction and therefore may be removed without regard to the citizenship of the parties pursuant to 28 U.S.C. §1441 (b).

12. The Defendants may properly remove this cause without regard to the citizenship or residency of the parties pursuant to 28 U.S.C. §§1441 and 1446.

13. Written notice of the filing of this Notice of Removal will be served on Plaintiffs' counsel of record, James B. Koch.

14. A copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Cook County.

15. Except as noted in the following paragraph, copies of all process, pleadings, and orders served upon the defendants and their counsel will be filed as required by 28 U.S.C. §1446.

16. Defendants will not file an un-redacted version of Plaintiffs' original Complaint. One exhibit requires redaction as it contained patients' names and phone numbers, in violation of HIPAA.

Respectfully submitted,

**KEN DACHMAN, ET AL.**


By: /s/ Wesley E. Johnson
       One of their Attorneys

Adam Goodman
Wesley Johnson
Jessica Tovrov
Gabriel Hardy
Goodman Law Offices LLC
105 West Madison St., Suite 400
Chicago, IL 60602
Phone:(312) 752-4828 (WJ)
Fax: (312)264-2535
wjohnson@wesleyjohnsonlaw.com