UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN B. DUFF, as Receiver for CENTRAL SLEEP DIAGNOSTICS, et al. | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-6162 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| KEN DACHMAN, et al., | ) ) | |
| Defendants. | ) | |

### RECEIVER'S PROPOSED AMENDMENTS TO DISTRIBUTION SCHEDULES

Kevin B. Duff, in his capacity as Court-appointed Receiver ("Receiver") in this action, by and through his undersigned attorneys and pursuant to the powers vested in him by the Consent Order for Preliminary and Permanent Injunction entered on October 18, 2010 (and modified on November 1, 2010), the subsequent Order granting substitution of the Receiver entered on April 21, 2011, and the Order entered on June 21, 2011 expanding the Receiver's authority to preserve assets, submits the following proposed amendments to the Receiver's distribution schedules (attached hereto as Exhibits 1 & 2):

**I.    PROPOSED AMENDMENTS**

**A.    Claimants' Proposed Distribution (Exhibit 1)**

1.    The Receiver sought leave to file amendments to the proposed distribution schedules on October 11, 2013. (Dkt. No. 387.) Amending the claimants' proposed distribution schedule is necessary because one claimant (Claimant No. 58) was inadvertently omitted from the initial schedules, and because the initial schedules inadvertently misstated the amount of the Receiver's settlement of the claim filed by the Internal Revenue Service, as the amount of that settlement was $10,976.43 and not $10,000.00 as previously stated. (Ex. 1; *see* Dkt. No. 379.)

1

2. As is reflected in the Receiver's proposed distribution plan, $363,258.99 is available for distribution to eligible CSD claimants and professionals. Factoring-in the aforementioned amendments to the claimants' proposed distribution schedule, the amount that the Receiver proposes to make available for distribution to eligible CSD claimants is $243,392.26. (Ex. 1.)

B. **Professionals' Proposed Distribution (Exhibit 2)**

3. Since filing the Receiver's proposed distribution plan, the Receiver and his retained counsel have incurred additional professional fees and expenses in the administration of the Receivership as well as litigating multiple issues relating to the objection filed on October 7, 2013 by Goodman Tovrov Hardy & Johnson, LLC (f/k/a Goodman Law Offices LLC) and its founder, Adam Goodman (collectively hereafter, "Goodman"). (Dkt. No. 386.) On October 11, 2013, the Court held a hearing on Goodman's objection and overruled the objection. Subsequently, the Court denied a later motion filed by Goodman to holdover funds pending an appeal contemplated by Goodman, and in response to Goodman's oral request that the Court set an amount for a supersedeas bond, the Court determined that a fair and reasonable amount for such bond would be $250,000.00. (Dkt. Nos. 387-88, 392.)

4. *Kevin B. Duff, Receiver.* For the months of September and October 2013, Mr. Duff has incurred professional fees in the amount of $5,828.00. (*See* Exhibit 3.) The invoice submitted herewith reflects approximately a 30% discount off Mr. Duff's billing rates to account for the fact that the work is performed for the benefit of a receivership. The Court previously approved the billing rates that are reflected in Mr. Duff's invoices. (Dkt. No. 157-1.) Mr. Duff has reviewed his invoice and made certain changes and adjustments to coincide with the billing guidelines. The Receiver believes that the invoice he has submitted herewith represents fair and

reasonable fees and expenses for the services rendered. The Receiver has not yet been paid any money for his work as Receiver.

5. *Gardiner Koch Weisberg & Wrona, Receiver's Counsel*. For the months of September and October 2013, Gardiner Koch has incurred professional fees in the amount of $4,271.75 and no expenses. (*See* Exhibit 4.) The invoice submitted herewith reflects approximately a 30% discount off Gardiner Koch's billing rates to account for the fact that the work is performed for the benefit of a receivership. The Receiver reviewed Gardiner Koch's invoice and requested that Gardiner Koch make certain changes and adjustments. In each instance, Gardiner Koch made the changes and adjustments requested by the Receiver. The Receiver believes that the Gardiner Koch invoice submitted herewith represents fair and reasonable fees and expenses for the services rendered. Gardiner Koch has not yet been paid any money for its work as Receiver's counsel.

6. *Rachlis Duff Adler & Peel, LLC, Receiver's Counsel*. For the months of September and October 2013, Rachlis Duff Adler & Peel, LLC ("Rachlis Duff") has incurred professional fees in the amount of $5,216.00 and expenses in the amount of $157.32. (*See* Exhibit 5.) The invoice submitted herewith reflects approximately a 30% discount off Rachlis Duff's billing rates to account for the fact that the work is performed for the benefit of a receivership. The Court previously approved the billing rates that are reflected in Rachlis Duff's invoices. (Dkt. No. 157-1.) The Receiver reviewed Rachlis Duff's invoice and requested that Rachlis Duff make certain changes and adjustments to coincide with the billing guidelines followed by the Receiver. These changes include an additional reduction of more than 30% in associate billing rates for 2012-2013 below the rate previously approved by the Court. In each instance, Rachlis Duff made the changes and adjustments requested by the Receiver. The

Receiver believes that the Rachlis Duff invoice submitted herewith represents fair and reasonable fees and expenses for the services rendered.

7.    Accordingly, as reflected in the attached Exhibit 2, the Receiver recommends that the Receiver and the Receiver's counsel's additional out-of-pocket expenses totaling $157.32 be paid in full, and that the professionals' fees be paid at 50% of the invoiced amounts (which already account for approximately 30% courtesy discounts on billing rates), which equates to $7,657.87 in total additional professional fees incurred by the Receiver and the Receiver's retained counsel that the Receiver proposes be approved in conjunction with his distribution plan. The Receiver believes that compensating the professionals (albeit fractionally) for their services in administering the Receivership over the past 3 years is fair and reasonable under the circumstances. *See SEC v. Elliott*, 953 F.2d 1560, 1577 (11th Cir. 1992) (receiver entitled to fair compensation where reasonable and diligent in his duties); *Donovan v. Robbins*, 588 F. Supp. 1268, 1273 (N.D. Ill. 1984); *SEC v. One Equity Corp.*, No. 2:08-cv-667, 2012 WL 1898643, at *2-3 (S.D. Ohio May 23, 2012).

## II.    CONCLUSION

WHEREFORE, for the foregoing reasons, the Receiver Kevin B. Duff respectfully requests that the Court approve the amendments to the proposed distribution schedules as well as the Receiver's proposed distribution plan in its totality.

Respectfully submitted,

KEVIN B. DUFF, RECEIVER

By:    <u>/s/ John E. Murray</u>

| | |
|---|---|
| Michael Rachlis | James B. Koch |
| John E. Murray | Shannon Condon |
| Rachlis Duff Adler & Peel, LLC | Gardiner Koch Weisberg & Wrona |
| 542 South Dearborn Street, Suite 900 | 53 W. Jackson Blvd., Suite 950 |
| Chicago, IL 60605 | Chicago, IL 60604 |
| Phone: (312) 733-3950 | Phone: (312) 362-0000 |
| Fax:   (312) 733-3952 | Fax: (312) 362-0440 |