UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN B. DUFF, as receiver for CENTRAL SLEEP DIAGNOSTICS, et al., <br><br> Plaintiff, <br><br> v. <br><br> KEN DACHMAN, CENTRAL SLEEP DIAGNOSTICS, KATHERINE LYNN DACHMAN, JILLIAN DACHMAN, DAVID DACHMAN, GARY PARISI, and GINA PARISI, <br><br> Defendants. | No. 10 C 6162 <br><br> Judge Rebecca R. Pallmeyer |

## FINDINGS AND CONCLUSIONS

The Receiver has submitted Proposed Findings of Fact and Conclusions of Law concerning the claim of the Goodman law firm. Adverse claimant Goodman Tovrov Hardy & Johnson LLC f/k/a Goodman Law Office objects to those Proposed Findings. On its own motion, the court enters the following findings and conclusions:

Attorney Adam Goodman represented the Defendants, Ken and Katherine Dachman, in an action in the Circuit Court of Cook County, later removed to this court. In this court, Kevin B. Duff was appointed as Receiver to recover and preserve assets of Central Sleep Diagnostics, Ken Dachman's business, for the benefit of innocent investors and creditors defrauded by the Dachmans.

On June 6, 2011, this court entered an order staying "all civil legal proceedings of any nature . . . involving (c) any of the Defendants [including Ken and Katherine Dachman] . . . ." Goodman was aware of the receivership; accordingly, prior to engaging in efforts to obtain a judgment for unpaid fees against the Dachmans in state court or to enforce that judgment, he sought relief from the stay. He submitted a claim verification form to the Receiver, seeking $31,264.98 that he claimed he is owed by Dachman or by Dachman's business, Central Sleep

Diagnostics, acknowledging in that claim form that he is subject to the jurisdiction of the court and consenting to the court's authority to adjudicate his claim. The court granted Goodman's request for relief from the stay, permitting him to pursue his state court action subject to the Receiver's objection to any distribution to Goodman of funds that may be part of the Receivership estate. Indeed, Goodman's September 1, 2011 motion acknowledges that the Receiver has the exclusive right to receivership assets and that he was not, by that motion, seeking money from the Receivership estate.

    Goodman proceeded to sue the Dachmans in state court, but he did not serve the Receiver or his counsel with a copy of the complaint, nor with his motion for imposition of a judicial lien, nor his motion to spread the judicial lien of record in a medical malpractice case the Dachmans had filed. He nevertheless prepared a default judgment order for entry in the state court action, representing in his submissions that "all parties" were "given due notice." Neither the Receiver nor his attorney were aware of the medical malpractice action, however, or of Goodman's efforts to perfect a judicial lien in that case. This court concludes that the settlement proceeds of the medical malpractice action are assets of the Receivership estate, and Goodman's efforts to perfect his judgment do not alter his status as a claimant, whose right to distribution of assets from the Receivership estate is the same as that of all other creditors.

ENTER:

November 19, 2013

_____
REBECCA R. PALLMEYER
United State District Judge

2