NF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN B. DUFF, as Receiver for <br> CENTRAL SLEEP DIAGNOSTICS, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KEN DACHMAN, et al., ) <br> ) <br> Defendants. ) | Case No. 10-cv-6162 <br><br> Judge Rebecca R. Pallmeyer |

### ORDER DISCHARGING RECEIVER AND TERMINATING RECEIVERSHIP

On November 1, 2010, this Court entered an Order appointing a James Sullivan as Receiver over the assets of Central Sleep Diagnostics, LLC. On April 21, 2011, the Court appointed Kevin B. Duff as substitute Receiver.

Before the Court now is the Receiver's motion to dismiss pursuant to Rules 41 and 66 of the Federal Rules of Civil Procedure and to terminate the Receivership (the "Motion"). The Motion came on for hearing before this Court on December 23, 2013.

The Court has considered the Motion, the entire record in this case, and the representations made at the hearing on the Receiver's Motion on December 23, 2013. With the Court fully advised of the premises the Court hereby FINDS and CONCLUDES:

1. Reasonable notice of the Motion and the hearing thereon has been provided to all interested parties by virtue of the Receiver posting said Motion on the Receiver's website.

2. The Receiver has managed, preserved, protected, maintained, sold, and distributed assets of the Receivership Estate in a reasonable, prudent, diligent and efficient manner.

3. The duties, responsibilities and obligations of the Receiver have been fully performed and the grounds for the Receivership no longer exist.

4. The fees and expenses of the Receiver and his retained professionals were necessary and for the benefit of the Receivership Estate; the amount of fees and expenses were reasonable based on the extent, nature, and value of services rendered, and the cost of comparable services; and the fees and expenses of the Receiver and its counsel were reasonable and appropriate for customary receivership services.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

5. The Receiver's Motion is granted.

6. The Court expressly approves and ratifies the actions of the Receiver during the administration of the Receivership Estate.

7. The Receiver and his retained professionals are hereby discharged of all duties, responsibilities and obligations, and liabilities in connection with the administration of the Receivership and Receivership Estate. The Receiver and all persons and entities engaged and employed by the Receiver are hereby released and absolved from and any and all claims arising from the performance of their official duties or the administration of the Receivership Estate.

8. The Receiver and his retained Professionals shall forever be discharged of any liability arising from or out of the Receivership to Central Sleep Diagnostics, LLC, to any holder of any claims against or interests in Central Sleep Diagnostics, LLC, or to any other party.

9. By virtue of this Order, Central Sleep Diagnostics, LLC shall forever be discharged of any further liability arising either from its operations or in connection with being subject of this Receivership. However, nothing contained in this Order shall be construed as limiting the ability of any person or entity from asserting claims against Kenneth Dachman, Katherine Lynn Dachman, Jillian Dachman, David Dachman, Gary Parisi, and Gina Parisi.

10. To the extent any dispute arises concerning the Receiver's administration of the assets entrusted to it or to the extent that any person or entity seeks to pursue or assert any claim or action against the Receiver arising out of or related to its duties as Receiver in this case, this Court retains jurisdiction to hear and resolve such disputes or claims.

11. This action will be closed upon the filing of an accounting statement reflecting a zero-balance remaining in the Receivership Estate, which the Receiver has leave to file on or before December 31, 2013.

12. The Receiver shall have limited authority to facilitate the administrative closure of the Receivership Estate and to take any actions as may be necessary to effectuate the distribution of funds pursuant to the Court's previous orders approving the Receiver's distribution plan. Should the Receiver be required to take any such action after December 31, 2013, those actions shall be deemed to have taken place *nunc pro tunc* December 30, 2013, so as to have occurred prior to the termination of the Receivership which by this Order is effective as December 31, 2013.

13. Consistent with the foregoing, the Receivership imposed by this Court is hereby terminated and the Receivership Estate is closed.

Entered:

Judge Rebecca R. Pallmeyer
District Judge

Date: Dec. 19, 2013