# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

January 5, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3837

| | |
|---|---|
| KEVIN B. DUFF, as Receiver for Central Sleep Diagnostics, LLC, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | |
| CENTRAL SLEEP DIAGNOSTICS, LLC, et al., *Defendants*. | No. 10 C 6162

Rebecca R. Pallmeyer, *Judge*. |

Appeal of: GOODMAN TOVROV HARDY & JOHNSON LLC

**O R D E R**

On September 10, 2015, we affirmed the district court's judgment in favor of plaintiff-appellee Kevin B. Duff, as receiver for Central Sleep Diagnostics, LLC, against Goodman Tovrov Hardy & Johnson LLC ("Goodman"), the appellant and a claimant in the receivership. Op. at 21, ECF No. 35. We also found Goodman's appeal frivolous, granted Duff's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure, and invited him to submit, within 28 days, an affidavit and supporting papers specifying his damages from this frivolous appeal. *Id.* He has done so. Our opinion gave Goodman 28 days to respond, and he has done so. Finally, we accepted

No. 13-3837 Page 2

Duff's reply in support of his petition for attorneys' fees and costs. The matter is now ready for decision.

Goodman objects to Duff's petition for costs as untimely under Rule 39. That objection is frivolous. As we've just explained, our opinion granted Duff's motion for Rule 38 sanctions and gave him 28 days to submit a statement of his damages, overriding the generally applicable 14-day deadline to submit a bill of costs. *See* FED. R. APP. P. 39. Duff's petition itemizing his fees and costs was submitted within the 28-day deadline and is therefore timely.

Duff requests an award of *double* his attorneys' fees and costs. That request is denied.

Goodman objects to $525.60 of the total claimed costs as inadequately documented and otherwise improper. Duff does not object to deducting that amount from the Rule 38 award. We will do so. The unchallenged costs total $130.99. We award that amount in costs.

Duff's petition itemizes $69,253.50 in attorneys' fees for his defense against this frivolous appeal. The total includes his own time; time billed by a partner, an associate, and a paralegal at his law firm; and time billed by his counsel, James Koch, and an associate at his law firm. Goodman objects that these fees are not recoverable because Duff has not paid them. That's incorrect. *See Cent. States, Se. & Sw. Areas Health & Welfare Fund v. Lewis*, 745 F.3d 283, 287 (7th Cir. 2014) ("The plan was represented by an in-house lawyer, but that doesn't defeat a claim for [Rule 38] attorneys' fees. Rather, in such a case the amount awarded is based on the market price of those services in the law firm market."). Goodman more generally objects that the fees are excessive and include some double-billing. We disagree and find the requested attorneys' fees are reasonable under the circumstances. Accordingly, we award attorneys' fees in the amount of $69,253.50.

In sum, we grant Duff's request for attorneys' fees in the amount of $69,253.50 and costs in the amount of $130.99.

RULE 38 SANCTIONS AWARDED.